UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| AMCO Insurance Company et al, | ) |
| Plaintiffs, | ) |
| vs. | ) |
| Bakken Contracting Co. LLC et al, | ) **ORDER** |
| Defendants, | ) |
| and | ) Case No. 3:25-cv-109 |
| WILDCRG LTD., | ) |
| Third-Party Plaintiff, | ) |
| vs. | ) |
| Mas Tequila West Fargo, Inc., | ) |
| Third-Party Defendant. | ) |

In 2023, a fire broke out in the kitchen of Mas Tequila restaurant in West Fargo, North Dakota. Doc. 25, p. 2, 4. At the time of the fire, Country Mutual Insurance Company ("Country") insured Mas Tequila West Fargo, Inc. ("Mas Tequila"), and AMCO Insurance Company ("AMCO") insured Mas Tequila's landlord, Four Horsemen LLC ("Four Horsemen"). Id. at 2. AMCO and Country (together, the "Plaintiffs") paid Four Horsemen and Mas Tequila for the losses and damages caused by the fire. Id. at 4. AMCO and Country then brought this subrogee action against the companies involved in the design and construction of Mas Tequila's kitchen.

One of those Defendants, WILDCRG, Ltd. ("Wild"), filed a third-party complaint against Mas Tequila. Doc. 9; 36. The Plaintiffs filed a motion to strike, or alternatively, to dismiss the third-party complaint against Mas Tequila. Docs. 24, 27. Mas Tequila joined the motions. Docs.

33, 34. The Plaintiffs argue that the third-party complaint should be dismissed because (1) any claim Wild has against Mas Tequila can be asserted as a defense against Country, and (2) AMCO cannot recover damages from Mas Tequila.

In this diversity action, federal procedural and North Dakota substantive law apply. Federal Rule of Civil Procedure 8(a) requires a pleading to contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." But a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Gorog v. Best Buy Co., 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." Id. at 570.

At least two reasons support granting AMCO's and Country's motion to dismiss the third-party complaint. First, "[g]enerally, when an insurer pays its insured for a loss, the insurer is subrogated to the insured's right of action against any third party responsible for the loss." Am. Nat. Fire Ins. Co. v. Hughes, 2003 ND 43, ¶ 8, 658 N.W.2d 330. In that basic sense, the law squarely cuts against Wild's third-party complaint against Mas Tequila. Taking Wild's argument to its logical extension, if Mas Tequila was kept in as a third-party defendant and found liable, AMCO and Country would be recovering from their own insured. That is precisely what the law prohibits in a subrogation action. "An insurer is not entitled to subrogation from entities named as insureds in the insurance policy, or entities deemed to be additional insureds under the policy." Id.; see e.g., Farmers Mut. Ins. Co. of Mason Cnty. v. Stove Builder Int'l, Inc., No. CV 17-169-WOB-

CJS, 2019 WL 1301990, at *3 (E.D. Ky. Feb. 11, 2019), report and recommendation adopted, No. 217CV169WOBCJS, 2019 WL 1302354 (E.D. Ky. Mar. 21, 2019) ("Defendants seek leave of court to file a third-party complaint against the Plaintiff's insureds, asserting the Defendants are entitled to contribution or apportionment due to the insureds' own alleged negligence. However, Farmers has fully compensated the Renners and contractually Farmers has acquired the rights of the Renners to bring this action. And, because Farmers must also stand in the shoes of the Renners in seeking to recoup from others allegedly tortiously causing the Renners to sustain damages, Farmers must also bear the burden of any negligent acts or omissions of the Renners that contributed to causing and bringing about their damages. If the Defendants wish to assert the alleged negligence of the Renners, they do so as an affirmative defense to subrogee Farmers' claims for relief.").

Second, Mas Tequila is an implied co-insured of AMCO. Wild argues there is a broken link between Mas Tequila and AMCO because AMCO only insures Four Horsemen, not Mas Tequila. But that argument is misplaced. Indeed, under North Dakota law, Mas Tequila is an implied co-insured of AMCO. See Cmty. Credit Union of New Rockford, N.D. v. Homelvig, 487 N.W.2d 602, 605 (N.D. 1992) ("absent an express agreement to the contrary, a tenant is an implied co-insured under the landlord's insurance policy and the insurer may not seek subrogation against the tenant."). That means even though Mas Tequila had its own policy with Country, it is still covered as a co-insured under AMCO's policy with Four Horsemen. What is more, the lease agreement between Mas Tequila and Four Horsemen also contained a waiver of subrogation. Doc. 24-1, p. 6. That evidence further supports that Mas Tequila is a co-insured of AMCO.

AMCO's and Country's motion to dismiss Wild's third-party complaint (Doc. 27) and Mas Tequila's joinder motion to the motion to dismiss (Doc. 33) are **GRANTED**. AMCO's and

Country's motion to strike (Doc. 24) and Mas Tequila's joinder motion to the motion to strike (Doc. 34) are **MOOT**. Wild's third-party complaint (Doc. 36) is **DISMISSED** without prejudice.

    **IT IS SO ORDERED**.

Dated this 9th day of March, 2026.

                                            /s/ Peter Welte
                                            Peter D. Welte, Chief Judge
                                            United States District Court